(Summit County Common Pleas.)

## THE GOODYEAR TIRE AND RUBBER COMPANY v. THE CONSOLIDATED TIRE COMPANY.

---

A reply in an action on account for goods sold and delivered, to an answer and cross-petition filed therein, setting up a breach of contract to furnish plaintiffs with certain templets and patterns, whereby plaintiff was prevented from furnishing defendant with certain goods and asking damages for such breach, sets up matter not connected with the original suit, and will be stricken out on motion.

---

Hayden, J.

The case of The Goodyear Tire and Rubber Company against The Consolidated Rubber Tire Company is one in which cases Nos. 9862, 9921 and 10217, all of them petitions of said plaintiff against the said defendant, have been consolidated, said petitons in said three cases being each of them a petition upon an account for goods sold and delivered. To this an answer and cross-petition has been filed by the defendant, being an answer and cross-petition in said consolidated case. Afterwards a reply was filed by the plaintiff, which is the pleading complained of in this case.

This case has been submitted to me upon a motion of the defendant, The Consolidated Rubber Tire Company, to strike from the plaintiff's reply the portions thereof set forth in said motion, upon the ground that said portions of said reply are a departure from the

case set up in the plaintiff's petition and is not proper matter to be brought into this case by a reply, namely, all of that portion of said reply designated as the eighth, ninth, tenth, eleventh, fourteenth and all of the fifteenth paragraph, together with the prayer of said cross-petition, which is in these words:

"Wherefore the plaintiff prays that defendant's cross-petition be dismissed and that plaintiff may have judgment against defendant in said sum of $30,400."

Each branch of said motion is upon the same ground and directed to the several paragraphs of the plaintiffs' reply as designated for the same reason, and each of said paragraphs so indicated, and which are asked to be stricken out, for the reason that they are a departure from the cases set up in the plaintiff's petition, are, in substance the same, so that to give one of them perhaps would be sufficient.

The eighth paragraph is as follows:

"Plaintiff further alleges that it was mutually agreed between the said parties subsequent to the execution of said contract, "Exhibit A," that defendant should furnish to plaintniff templets and patterns for making molds for said tires in accordance with said alleged patent, and which were necessary to enable plaintiff to perform its part of said contract, and without which plaintiff could not perform its part thereof, and that said tires should be manufactured by plaintiff in form and design to conform to said templets and patterns, but in violation of said agreement and duty said defendant neglected, refused and failed to furnish said templets and patterns until the month of November, 1899, and that plaintiff was thereby wholly unable to manufacture and furnish to defendant any of such tires until said month of November, and by reason thereof was greatly injured and delayed in its said business and trade, to its damage, $————.''

These several paragraphs state distinct causes of action against the defendant for breaches of a contract, which it is alleged had been made, and for these breaches affirmative relief is demanded in each of said paragraphs, and all are embodied, or the sum and amount of each and all of them is finally embodied in the prayer for $30,400.

These several paragraphs state distinct causes of action against the defendant for breaches of a contract, which it is alleged had been made, and for these breaches affirmative relief is demanded in each of said paragraphs, and all are embodied, or the sum and amount of each and all of them is finally embodied in the prayer for $30,400.

These are matters which would form the subject of an independent action against the defendant in favor of the plaintiff, but I do not find that they are so connected with the causes of action set out in the petitions which have been consolidated in this case, or either of them, as to be a proper pleading by way of reply; and I find that these causes of action, and each of them, are departures from the case made in the plaintiff's petition, or petitions which are consolidated in this case, and the same are not proper to be incorporated in a reply in this case, and the motion of the defendant as to each of these paragraphs will, therefore, be sustained, and each of said paragraphs is ordered to be stricken from the reply filed in this case.

*Slaubaugh & Seiberling,* for Plaintiff.
*Musser & Kohler,* for Defendant.